THE PEOPLE, *ex rel.* Sarah D. Owen, *vs.* SAMUEL O. MASTERS, superintendent of common schools of the town of Hornby.

An appeal does not lie to the state superintendent of public instruction from a decision of a town superintendent of common schools refusing to give a certificate, licensing an individual to teach a common school, where the decision of the town superintendent is founded upon his opinion of the qualifications of the candidate. JOHNSON, J., dissented.

The policy of the law is that the question of the qualifications of candidates for teachers of common schools shall be left to the town superintendent of the town in which the teachers shall be employed. Per WELLES, J.

Where a town superintendent refused to grant a certificate to an applicant, on the ground that although qualified in respect to learning and ability, she was not qualified in respect to moral character, and on appeal from this decision, the state superintendent of public instruction made an order requiring the town superintendent to examine the applicant in relation to her qualifications as teacher, and if found qualified in other particulars than those presented for the decision of the state department of public instruction, that he license her accordingly; *Held* that the examination which the town superintendent was required to make related exclusively to the applicant's qualifications with respect to learning and ability, and not to moral character. And that upon his performing that duty, and offering the candidate a certificate stating that she was qualified in respect to learning and ability, he had done all that could be

required of him, and the candidate would be deemed, in law, qualified to teach a common school; the state superintendent having decided her to be qualified in respect to moral character. JOHNSON J., dissented.

APPEAL from a judgment or order made at a special term, directing a peremptory mandamus to issue, commanding the defendant, Samuel O. Masters, to give the relator a full and perfect certificate as prescribed by law, licensing her to teach a common school in the town of Hornby in the county of Steuben, for one year from the date of such certificate, which date should be of the time of the appellant's refusal to examine her as such teacher, and which is stated in the alternative mandamus to have been on or about the 23d day of June, 1854. The alternative mandamus was in the following form:

" The people of the state of New York to Samuel O. Masters, town superintendent of common schools of the town of Hornby, Steuben county, greeting.

[L. S.] Whereas Sarah D. Owen, for some time previous hereto, and particularly for fifteen weeks last past, has been engaged in teaching a common school in a school district in the town of Hornby in the county of Steuben, under and by virtue of an engagement with the trustees of common schools of said district to do so, and with their consent;

And whereas you hold the office and exercise the duties of town superintendent of common schools of the said town of Hornby; and whereas the said Sarah, on or about the 23d day of June last past, applied to you as such superintendent, to be examined by you, as such teacher of a common school in the said town, and for a certificate in the usual form, licensing her to teach a school for one year in said town, if on such examination she should be found qualified as required by law; and whereas you refused to examine her for such purpose, on the ground that she was not a person of good moral character; and whereas the said Sarah appealed from such decision and refusal so made and given by you, to the superintendent of public instruction, of which appeal you had due notice, and had an opportunity to be heard, and to justify your refusal to examine her as aforesaid; and whereas you did attempt to justify such refusal, and to pro-

cure from the superintendent of public instruction a decision affirming your action in the premises, and for such purpose alleged and attempted to prove that the said Sarah was not a person of good moral character, which was the only ground upon which you placed your refusal, or attempted to procure such decision from the said superintendent as aforesaid;

And whereas the said superintendent of public instruction, on the hearing of the said appeal, and after investigating the proof so made and submitted by you therein, decided in substance and effect, that there was nothing in the said proof so made and submitted by you, to impeach or injuriously affect the character of the said Sarah, and did further decide and direct that you, in your official capacity of town superintendent of common schools for the town of Hornby, Steuben county, hold yourself in readiness to examine the said Sarah in relation to her qualifications as a teacher of a common school, and if found qualified in other particulars, than those presented for his decision by said appeal, that you license her accordingly, dating the certificate backward to the time when you refused her an examination as aforesaid: which decision bore date the 28th day of September, 1854, and was sealed with the seal of the department of public instruction;

And whereas on or about the 15th day of December last past, the said Sarah served on you the said decision under seal as aforesaid, and then and there made you fully aware of the terms and contents thereof, and then and there required you to examine her in pursuance of such decision and direction of the said superintendent; and whereas you as such town superintendent did then and there examine the said Sarah as required by the said decision and direction of the superintendent of public instruction, and on such examination did decide that she was well qualified in respect to learning and ability to instruct a common school in the town of Hornby for one year, and did then and there offer a certificate in that form, and omitting all statement as to her qualifications in respect to moral character, which she then and there refused to receive or accept because of such omission; and whereas the form of a certificate prescribed by the superintendent of public instruction, and which by the de-

cision aforesaid, you are directed to give the said Sarah in the event which has happened, require you to certify that she is well qualified as well in respect to moral character, as to learning and ability ; and whereas you then and there unjustly refused, and ever since have unjustly refused to give her such certificate, contrary to your duty as such town superintendent, and to the manifest injury of the said Sarah, as we are informed by the complaint :

Now therefore, we being willing that full and speedy justice be done in this behalf to her the said Sarah as it is just, command you, firmly enjoining, that immediately after the receipt of this writ, you give her such full and perfect certificate, as is prescribed by law and as you are directed to give her in and by the decision aforesaid, or that you show cause to the contrary before our justices of our supreme court, or some or one of them, at the court house in Corning, in the county of Steuben, on the 21st day of May next, lest complaint shall again come to us, by your defaults. And in what manner this our command shall be executed, make appear to our said justices, on the said 21st day of May, at the court house in Corning aforesaid, and then sending back to us this our writ.

Witness T. R. STRONG, justice, at the court house in the county of Yates, this 16th day of April, in the year of our Lord one thousand eight hundred and fifty-five.

W. BARNES, Att'y.              C. W. CAMPBELL, Clerk."

The return to the above writ was as follows :

" The answer of Samuel O. Masters, town superintendent of common schools of the town of Hornby, Steuben county within mentioned.

I, Samuel O. Masters, town superintendent of the town of Hornby, Steuben county, do hereby certify to the justices within mentioned, that on or about the twenty-third day of June last past, Sarah D. Owen within mentioned, applied to me to be examined and for a certificate as within alleged ; that I then informed said Sarah that I was not satisfied that her moral character was good, and that I could not give her a certificate ; that

I did not believe that she was qualified in respect to moral character to instruct a common school. I further stated to her that I was satisfied she was qualified in respect to learning and ability for such purpose, and declined to give her a certificate in the form prescribed by law, for the reason aforesaid. That said Sarah appealed from my decision and refusal to give a certificate, as stated in the within writ, to the state superintendent, and that I made a return to such appeal as by law required. That such appeal was heard by the superintendent of public instruction, who afterwards, and on the 28th day of September, 1854, made his decision thereon in writing, in the words and figures following, to wit:

'*Sarah D. Owen, teacher,* vs. *Samuel O. Masters, sup't.*

V. M. RICE, sup't public instruction. The appeal of Miss Sarah D. Owen. Ordered that the respondent in his official capacity of town superintendent of common schools for the town of Hornby, Steuben county, hold himself in readiness to examine the appellant, said Sarah D. Owen, in relation to her qualifications as teacher of common schools, and if found qualified in other particulars than those presented for the decision of this department, that he license her accordingly, dating her certificate backward to the time when he refused her an examination. The town clerk of Hornby is hereby directed to make a record of this decision. Given under my hand and seal of this dept. of public instruction, this 28th day of Sept. 1854. Albany, N. Y.

[L. S.] V. M. RICE, superintendent of public instruction.'

That the said superintendent of public instruction made no other or different decision in the premises upon such appeal, in substance or effect; that about the 15th day of December last past, said Sarah served on me said decision, and required an examination in pursuance thereof; and that I did examine her accordingly, and upon such examination found her qualified in respect to learning and ability, and so informed her, and offered her a certificate to that effect. That I did not find her qualified in respect to moral character, and therefore refused to certify that I believed her to be thus qualified to instruct a common school. That by law it is made the duty of the town superin-

tendent of common schools to examine all persons offering them-selves as candidates for teaching common schools in such (his) town. That in making such examination, it is his duty to ascertain the qualifications of the candidate in respect to moral character, learning and ability. If he shall be satisfied in respect to the qualifications of the candidate, he shall deliver to the person so examined a certificate signed by him, in such form as shall be prescribed by the state superintendent. That the form prescribed by the state superintendent (the superintendent of public instruction) is as follows, to wit:

' I hereby certify that I have examined A. B., and do believe that he [or she] is well qualified in respect to moral character, learning and ability, to instruct a common school in this town for one year from the date hereof.' That no other form of cer-tificate has at any time been prescribed by such state superin-tendent. That I do not believe that said Sarah D. Owen is qualified in respect to moral character to instruct a common school in the town of Hornby, nor did I believe that she was qualified at the times, respectively, when she presented herself to me for examination, as hereinbefore and within mentioned; and that I could not then and cannot now make and sign the prescribed certificate respecting her moral character truthfully, and without doing violence to my conscience and acting contrary to my oath of office."

To this return a general demurrer was interposed, by the respondents.

*H. M. Hyde*, for the appellant.

*W. Barnes*, for the respondents.

WELLES, J. Section 132 of ch. 480, of the laws of 1847, (*Sess. Laws of that year, p.* 710,) reads as follows: " § 132. Any person conceiving himself aggrieved in consequence of any decision made: 1. By any school district meeting: 2. By the town superintendent in the forming or altering, or in refusing to form or alter, any school district, or in refusing to pay any

school moneys to any such district: 3. By the trustees of any district, in paying any teacher, or refusing to pay him, or in refusing to admit any scholar gratuitously into any school: 4. Or concerning any other matter under the present title, may appeal to the superintendent, who is hereby authorized and required to examine and decide the same, and the decision of the state superintendent shall be final and conclusive." By § 16, of ch. 382, of the laws of 1849, (*Sess. Laws of that year, p.* 537,) the foregoing section, among others, was repealed; and by § 1, of ch. 78, of the laws of 1853, (*Sess: Laws of that year, p.* 114,) it was in effect restored.

It is contended by the respondents' counsel, that the 4th subdivision of the section of the act of 1847, above recited, gives to the state superintendent of public instruction authority to entertain the appeal which was taken to him, from the decision of the town superintendent in the case under consideration; and that his decision upon such appeal is final and conclusive. The language of the subdivision is, perhaps, comprehensive enough to justify such construction, and must decide the question, unless it can be seen, from the section and its context, that this was not the object and intention of the legislature. It will be found, however, that it could not have been the intention to give the words, "or concerning any other matter under the present title," a full, literal interpretation and operation. The "title" referred to, embraced, at the time of the passage of the act, three entire articles, with 477 sections, and contained ten different headings or subjects, as follows: "The powers and duties of the town superintendents of common schools." "Of the duty of town clerks." "Of inspection and supervision by town superintendents." "Of the formation and alteration of school districts." "Of the powers of school district inhabitants, and of the choice, duties and powers of school district officers." "Of the duty of trustees of school districts." "Of the assessment and collection of school district taxes." "Of the annual reports of trustees, their duties and liabilities." "Of school district libraries," and "Of miscellaneous provisions connected with the foregoing articles."

The People *v.* Masters.

If the interpretation contended for is to prevail, any person conceiving himself aggrieved concerning any of these matters, may appeal to the state superintendent, whose decision will be final and conclusive. This, in numerous instances, would override the courts, in which the constitution has reposed the judicial power ; and, admitting the legislature so intended, their intention cannot be effectuated. If the words, " any other matter," &c. in the 4th subdivision of § 132, are not to receive the extensive application which they seem, on their face, to import, the question is, to what do they relate, or, rather, do they include a grievance on the part of a candidate for license as a teacher of common schools in consequence of a refusal of the town superintendent to give the certificate of qualification provided for in § 36 ? That section requires the certificate to be " in such form as shall be prescribed by the state superintendent." The return to the alternative mandamus in this case, states that the only form of such certificate prescribed by the state superintendent is in the following words : " I hereby certify that I have examined A. B. and do believe he (or she) is well qualified in respect to moral character, learning and ability to instruct a common school in this town for one year from the date hereof."

In my opinion, the 132d section should not be so construed as to give an appeal to the state superintendent from a decision of the town superintendent where the decision of the latter is founded upon his opinion of the qualifications of the candidate. Such construction would involve the injustice and absurdity of requiring the examining officer to make a false certificate ; to certify to a certain belief, when he entertains one directly the contrary, as the present case aptly illustrates. The act makes it his duty to ascertain the qualifications of the candidate in respect to moral character, learning and ability ; and if *he* shall be satisfied in respect to such qualifications, he shall deliver the certificate. (§§ 35, 36.) The policy of the law undoubtedly is, that the question of the qualifications of candidates for teachers of common schools should be left to the town superintendent of the town in which the teacher shall be employed. It is the right of the

inhabitants of a district to have its school taught by a person licensed by a superintendent whom they have had a voice in choosing. (§ 20.) A certificate made by a superintendent of one town, will not qualify the individual to teach in another town. This whole policy would be frustrated by allowing the discretion of the town superintendent to be controlled or interfered with in this respect by the state superintendent.

The second subdivision of § 132, specifies certain *acts* of the town superintendent, upon his performance or non-performance of which, the party conceiving himself aggrieved, may appeal. They are *acts* or refusals to *act*, as distinguished from the exercise of his discretion and certifying his opinion. These specifications, as it seems to me, embrace all the cases in which the legislature intended an appeal might be taken from the town, to the state superintendent. If I am right in these views, there will be still left ample room for the operation of the words, "or concerning any other matter under this title," in the 4th subdivision of the section.

But if the foregoing views are erroneous, and the appeal to the state superintendent, recited in the alternative mandamus, was in a case contemplated by the act, the judgment or order of the special term, from which the defendant has appealed to this court, must, nevertheless, be reversed. The order of the state superintendent requires the defendant to examine the relator in relation to her qualifications as teacher of common schools, and if found qualified in other particulars than those presented for the decision of the state department of public instruction, that he license her accordingly, &c. The town superintendent had refused to examine her, touching her qualifications in respect to learning and ability, for the reason that he had ascertained what satisfied him that her moral character was not good. The question upon the appeal from his decision was whether her moral character was sufficient, &c. Upon this question evidence was taken by the state superintendent, upon which he made the order. The question of the relator's moral character was thus taken out of the hands of the town super-

The People *v.* Masters.

intendent, and disposed of on the appeal, and the latter had no further concern with it. The examination which he was required to make, related exclusively to her qualifications with respect to learning and ability, and not to her moral character. The return shows that he has performed the duty enjoined, and that he was satisfied that she was qualified in respect to learning and ability &c., and that he offered her a certificate to that effect, which she refused to accept. He also states in his return to the mandamus, that he did not, on such examination, find her qualified &c. in respect to moral character, and therefore refused to certify that he believed her thus qualified. It appears to me that he has done, and offered to do, all that can be required of him. On his giving such certificate, as it appears he has offered the relator, and which she has refused, the latter would be deemed, in judgment of law, qualified to teach a common school. It is true that such certificate would not be in the form prescribed by the state superintendent, but it would be a substantial compliance with the law. The state superintendent having decided the relator to be qualified in respect to moral character, and the defendant in respect to learning and ability, should the defendant, as town superintendent, refuse to pay to the trustees of the school district in which she may have taught the requisite period, the share of such district of the school moneys in his hands, on the ground of the insufficiency of the form of the certificate, it cannot be doubted that the state superintendent, in the exercise of the appellate power given him by the 132d section of the act, would direct him to pay it; and in case of his disobedience of such direction, this court would have the power to compel its observance.

For the foregoing reasons, I think the judgment or order appealed from should be reversed, and that the appellant is entitled to judgment.

SELDEN, J., concurred, for the reasons stated in the second ground mentioned in the foregoing opinion. Upon the first question, viz: whether the appeal would lie from the decision

of the town superintendent to the state superintendent of public instruction, he expressed no opinion.

JOHNSON, J., dissented *in toto.*

Judgment reversed.

[MONROE GENERAL TERM, December 3, 1855. *Johnson, Selden* and *Welles,* Justices.]